IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOOVY LLC, ALBERT T. FAIRCLOUGH, | § § § § § | |
| *Plaintiffs,* | § | |
| vs. | § § | No. 3:06-CV-0616-P |
| BABY TREND, INC., TAIWAN CHARWELL ENTERPRISE CO. LTD., and TARGET CORPORATION, | § § § § § | |
| *Defendants.* | § | |

**PLAINTIFFS AND COUNTER-DEFENDANTS JOOVY, LLC'S AND ALBERT T. FAIRCLOUGH'S AND COUNTER-DEFENDANT ROBERT GARDNER III'S COMBINED ANSWER TO DEFENDANT AND COUNTER-PLAINTIFF BABY TREND, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Plaintiffs and Counter-Defendants, Joovy LLC ("Joovy") and Albert T. Fairclough ("Fairclough"), and Counter-Defendant, Robert Paul Gardner III ("Gardner"), hereby submit their Combined Answer to Defendant and Counter-Plaintiff Baby Trend, Inc.'s ("Baby Trend") Answer and Counterclaims to Plaintiffs' Second Amended Complaint. The following paragraphs are numbered to correspond to the allegations in Baby Trend's amended counterclaims, *viz*:

## COUNTERCLAIMS AGAINST JOOVY LLC AND ALBERT T. FAIRCLOUGH

### PARTIES

45. Joovy and Fairclough admit that Baby Trend is a California corporation, but lack sufficient information or belief to admit or deny the remaining allegations contained in paragraph 45 of Baby Trends Amended Answer and Counterclaims.

46. ADMIT

47. ADMIT

### JURISDICTION AND VENUE

48. ADMIT

49. ADMIT

50. ADMIT

51. ADMIT

52. ADMIT

53. ADMIT

### GENERAL ALLEGATIONS

54. Joovy and Fairclough admit that Baby Trend sells strollers that are the subject of Plaintiffs' lawsuit but lack sufficient information or belief to admit or deny the remaining allegations contained in paragraph 54 of Baby Trends Amended Answer and Counterclaims.

### FIRST COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT

55. Joovy and Fairclough adopt and incorporate by reference the responses to paragraphs 45-54 of Baby Trends Amended Answer and Counterclaims, but provide no

response for paragraphs 40 and 41 as those paragraphs allege defenses to which no response is necessary.

56. DENIED

57. DENIED

58. DENIED

59. DENIED

60. DENIED

61. DENIED

## SECOND COUNTERCLAIM: DECLARATION OF INVALIDITY

62. Joovy and Fairclough adopt and incorporate by reference the responses to paragraphs 45-61 of Baby Trends Amended Answer and Counterclaims, but provide no response for paragraph 42 as that paragraph alleges a defense to which no response is necessary.

63. DENIED

64. DENIED

## THIRD COUNTERCLAIM: DECLARATION OF UNENFORCEABILITY

65. Joovy and Fairclough adopt and incorporate by reference the responses to paragraphs 45-64 of Baby Trends Amended Answer and Counterclaims, but provide no response for paragraphs 43-44 as those paragraphs allege defenses to which no response is necessary.

66. DENIED

67. DENIED

68. DENIED

**WHEREFORE**, Joovy and Fairclough deny that Baby Trend is entitled to any relief, and respectfully request that judgment be entered in their favor against Baby Trend; that Joovy and Fairclough be awarded their costs, disbursements, and attorneys' fees incurred in the defense of these counterclaims; and that the Court award such other and further relief as it deems equitable and just.

## COUNTERCLAIMS AGAINST JOOVY LLC

### PARTIES

69. Joovy admits that Baby Trend is a California corporation, but lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 69 of Baby Trends Amended Answer and Counterclaims.

70. ADMIT

71. Joovy admits that Robert Paul Gardner III is an officer of Joovy. Except as expressly admitted, the remaining allegations of paragraph 71 are denied.

### JURISDICTION AND VENUE

72. ADMIT

73. ADMIT

74. ADMIT

75. ADMIT

### GENERAL ALLEGATIONS

76. Joovy admits that Baby Trend sells strollers that are the subject of Plaintiffs' lawsuit but lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 76 of Baby Trends Amended Answer and Counterclaims.

77. Joovy lacks sufficient information or belief to admit or deny the allegations contained in paragraph 77 of Baby Trends Second Amended Answer and Counterclaims.

78. Joovy admits that the mark at issue in paragraph 78 was registered on April 9, 1996 on the Supplemental Register, under number 1967532. Except as expressly admitted, Joovy lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 78.

79. DENIED

80. DENIED

81. Joovy lacks sufficient information or belief to admit or deny the allegations contained in paragraph 81 of Baby Trends Amended Answer and Counterclaims.

82. ADMIT

83. DENIED

84. DENIED

85. DENIED

86. DENIED

87. DENIED

88. DENIED

89. DENIED

90. DENIED

## FIRST COUNTERCLAIM:
### INFRINGEMENT OF REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114, *ET SEQ.*

91. Joovy adopts and incorporates by reference the responses to paragraphs 69-90 of Baby Trends Amended Answer and Counterclaims.

92. DENIED

93. DENIED

94. DENIED

95. DENIED

96. DENIED

97. DENIED

98. DENIED

99. DENIED

## SECOND COUNTERCLAIM:
### FALSE DESIGNATION OF ORIGIN/FALSE DESCRIPTION UNDER 15 U.S.C. § 1125(A)

100. Joovy adopts and incorporates by reference the responses to paragraphs 69-99 of Baby Trends Amended Answer and Counterclaims.

101. DENIED

102. DENIED

103. DENIED

104. DENIED

105. DENIED

106. DENIED

107. DENIED

108. DENIED

## THIRD COUNTERCLAIM: UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

109. Joovy adopts and incorporates by reference the responses to paragraphs 69-108 of Baby Trends Amended Answer and Counterclaims.

110. Joovy admits that Baby Trend and Joovy are direct competitors in the stroller market. Except as expressly admitted, the remaining allegations of paragraph 110 are denied.

111. DENIED

112. DENIED

113. DENIED

114. DENIED

115. DENIED

116. DENIED

117. DENIED

**WHEREFORE**, Joovy denies that Baby Trend is entitled to any relief, and respectfully requests that judgment be entered in its favor against Baby Trend; that Joovy be awarded its costs, disbursements, and attorneys' fees incurred in the defense of these counterclaims; and that the Court award such other and further relief as it deems equitable and just.

## COUNTERCLAIMS AGAINST ROBERT PAUL GARDNER III

### PARTIES

118. Gardner adopts and incorporates by reference the responses to paragraphs 69-117 of Baby Trends Amended Answer and Counterclaims.

119. Gardner admits that Baby Trend is a California corporation, but lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 119 of Baby Trends Amended Answer and Counterclaims.

120. ADMIT

121. Gardner admits that Robert Paul Gardner III is an officer of Joovy. Except as expressly admitted, the remaining allegations of paragraph 121 are denied.

122. DENIED

### JURISDICTION AND VENUE

123. ADMIT

124. ADMIT

125. ADMIT

126. ADMIT

127. DENIED

### GENERAL ALLEGATIONS

128. Gardner admits that Baby Trend sells strollers that are the subject of Plaintiffs' lawsuit but lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 128 of Baby Trends Amended Answer and Counterclaims.

129. Gardner lacks sufficient information or belief to admit or deny the allegations contained in paragraph 129 of Baby Trends Amended Answer and Counterclaims.

130. Gardner admits that the mark at issue in paragraph 130 was registered on April 9, 1996 on the Supplemental Register, under number 1967532. Except as expressly admitted, Gardner lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 130.

131. DENIED

132. Gardner lacks sufficient information or belief to admit or deny the allegations contained in paragraph 132 of Baby Trends Amended Answer and Counterclaims.

133. ADMIT

134. DENIED

135. DENIED

136. DENIED

137. DENIED

138. DENIED

139. DENIED

## FIRST COUNTERCLAIM:
### INFRINGEMENT OF REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114, *ET SEQ.*

140. Gardner adopts and incorporates by reference the responses to paragraphs 69-169 of Baby Trends Amended Answer and Counterclaims.

141. DENIED

142. DENIED

143. DENIED

144. DENIED

145. DENIED

146. DENIED

147. DENIED

## SECOND COUNTERCLAIM:
### FALSE DESIGNATION OF ORIGIN/FALSE DESCRIPTION UNDER 15 U.S.C. § 1125(a)

148. Gardner adopts and incorporates by reference the responses to paragraphs 69-147 of Baby Trends Amended Answer and Counterclaims.

149. DENIED

150. DENIED

151. DENIED

152. DENIED

153. DENIED

154. DENIED

155. DENIED

### THIRD COUNTERCLAIM:
### UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

156. Gardner adopts and incorporates by reference the responses to paragraphs 69-155 of Baby Trends Amended Answer and Counterclaims.

157. Gardner admits that Baby Trend and Joovy are direct competitors in the stroller market. Except as expressly admitted, the remaining allegations of paragraph 157 are denied.

158. DENIED

159. DENIED

160. DENIED

161. DENIED

162. DENIED

177. DENIED

**WHEREFORE**, Gardner denies that Baby Trend is entitled to any relief, and respectfully requests that judgment be entered in its favor against Baby Trend; that Gardner be awarded his costs, disbursements, and attorneys' fees incurred in the defense of these counterclaims; and that the Court award such other and further relief as it deems equitable and just.

## EXCEPTIONAL CASE

Counter-Defendants deny that Baby Trend's claims are exceptional under 15 U.S.C. § 1117.

|  |  |
|---|---|
| Dated: August 16, 2007 | /s/ John G. Fischer<br>John G. Fischer<br>State Bar No. 00795890<br>Paul V. Storm<br>State Bar No. 19325350<br>STORM LLP<br>901 Main St., Suite 7100<br>Dallas, TX 75202<br>(214) 347-4700 Telephone<br>(214) 347-4799 Facsimile<br><br>**ATTORNEYS FOR PLAINTIFFS** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August 2007, a true and correct copy of the foregoing document has been sent to counsel of record by electronic mail through ECF filing in accordance with the Federal Rules of Civil Procedure and the local Rules of the Northern District of Texas.

/s/ Deborah Carroll
Deborah Carroll, CLA
Certified Legal Assistant