IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOOVY LLC, | § | |
| ALBERT T. FAIRCLOUGH, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | No. 3:06-CV-616-F |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFFS' MOTION IN LIMINE AND BRIEF IN SUPPORT

Plaintiffs Joovy LLC ("Joovy") and Albert Fairclough ("Fairclough") (collectively, "Plaintiffs") hereby submit this Motion in Limine respectfully requesting that the Court order Defendant Target Corporation ("Target") and its counsel, witnesses, representatives, or anyone else appearing on its behalf at trial to refrain from referring to, mentioning, discussing, testifying to or about, showing documentary evidence to, or soliciting testimony concerning, in the presence of the jury or any juror, at any stage of the proceedings (including, but not limited to, voir dire, opening statements, witness examination and cross-examination, objection to the Court and argument in support of same, and closing statements), directly or indirectly the subject matter listed in this Motion in Limine.

In the alternative, Plaintiffs request that Defendant and anyone associated therewith, as identified above, be restrained from directly or indirectly placing the subject matter listed in this Motion in Limine in front of the jury or prospective jurors unless and until such matters have first been called to the Court's attention outside the presence and hearing of all prospective jurors and the seated jurors in this lawsuit and a favorable ruling has been received as to the admissibility of such matters.

## MATTERS TO BE EXCLUDED

1. Any testimony, reference to, or evidence regarding the prosecution of Plaintiff Albert Fairclough's European patent, including, but not limited to, the documents constituting the prosecution history of that patent or any documents concerning the scope of that patent or the applicability of any alleged prior art thereto. Evidence concerning the non-U.S. prosecution of a foreign patent not at issue in this lawsuit is irrelevant with any remotely probative value it may have being substantially outweighed by the danger of unfair prejudice to Plaintiffs, confusion of the issues, misleading the jury, and wasting time during this timed trial. FED. R. EVID. 401; FED. R. EVID. 403; *see also Pfizer, Inc. v. Ranbaxy Labs. Ltd.,* 457 F.3d 1284, 1290 (Fed. Cir. 2006); *TI Group Auto. Sys. v. VDO North Am., LLC*, 375 F.3d 1126 (Fed. Cir. 2004); *Tanabe Seiyaku Co. v. ITC*, 109 F.3d 726, 733 (Fed. Cir. 1997); *Caterpillar Tractor Co. v. Berco, S.P.A.*, 714 F.2d 1110, 1116 (Fed. Cir. 1983).

    GRANTED _____   GRANTED AS MODIFIED_____   DENIED_____

2. Any testimony, reference to, or implication that European attorney Michael Harman was unavailable for deposition or was not called for trial due to any acts or representations by Plaintiffs or that Plaintiffs are in any way responsible for the lack of testimony from Harman. Any such evidence or implication would be untrue and would be severely prejudicial, particularly in light of Defendant's allegations of inequitable conduct against Mr. Harman based solely on circumstantial evidence. FED. R. EVID. 401; FED. R. EVID. 403.

    GRANTED _____   GRANTED AS MODIFIED_____   DENIED_____

3. Any testimony, reference to, or evidence of Plaintiffs' communications with or about any company and/or any strollers, other than Defendant's and Baby Trend, Inc.'s, as potentially infringing U.S. Patent No. 5,622,375 ("'375 Patent"), including, but not limited to, decisions not to pursue litigation or other action against the following:

      a. Peg Perego

      b. Mia Moda

      c. J Mason

      d. Century

      e. Graco

      f. Bebe Comfort

      g. Mamas and Papas.

Plaintiffs' choice to not sue other infringers and/or their evaluation of other potential infringers is irrelevant to the issues in this matter of whether the products sold by Defendant Target Corporation and its supplier Baby Trend, Inc. infringe the '375 Patent and whether that patent is valid and enforceable. A patent holder is not obligated to sue every infringer and its decision not to sue an apparent infringer does not imply that the infringer would not be found liable if they were sued. Defendant Target should not be permitted to confuse the jury by implying that Target's liability, or any other aspect of this case, is affected in any way by the liability, examination, or pursuit of other potential infringers. Defendant Target should be precluded from attempting to imply that it does not infringe the '375 Patent by analogizing its accused product(s) to the products of third parties that are not the subject of this, or any, lawsuit by Plaintiffs, as third party products are irrelevant to whether each and every element of the asserted Claim 1 is found in Target's accused strollers. FED. R. EVID. 401; FED. R. EVID. 403; *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 616 F.2d 1315, 1327, 1330 (5th Cir. 1980) (noting that a plaintiff is not required to simultaneously pursue all potential infringers and citing other circuits in accord).

    GRANTED _____     GRANTED AS MODIFIED_____     DENIED_____

4. Any testimony, reference to, or evidence of the existence or potential existence of the Version 3 stroller (as that stroller is identified in the Pre-trial Order). Any such evidence is untimely, as it is undisputed that the potential existence of the Version 3 stroller was not disclosed to Plaintiffs until around August 28, 2009. This disclosure came more than a year after the close of fact discovery in this matter and is untimely under the Scheduling Order. Defendant has not shown good cause why its late disclosure should be allowed. FED. R. CIV. P. 16(b)(4); *S & W Enterprises, L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Thus, this evidence and any reference to a Version 3 stroller should be precluded. FED. R. CIV. P. 37; *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

It is undisputed that Defendant intends to offer the Version 3 stroller as a non-infringing alternative to attempt to preclude or reduce Plaintiffs' damages recovery. Allowing this late disclosure would severely prejudice Plaintiffs, as the evidence to refute any attempted showing of the purported commercial success of this Version 3 by Defendant is unavailable to Plaintiffs, because such evidence does not yet exist. Because Version 3 has not, and will not, even be sold to consumers (*e.g.*, people with two young children) prior to trial, there will be no evidence of whether and to what extent consumers actually accept this product. Allowing Version 3 to be included in the case at this late juncture would only tell half the story, as Plaintiffs' responsive evidence only becomes available as time passes. It is precisely this reason why scheduling orders are put in place and at some point, the evidence is closed. That happened in this case more than one year before disclosure of Version 3. The prejudice of allowing largely one-sided testimony even as to the mere existence and/or effect of Version 3 clearly substantially outweighs any probative value, and thus such evidence should be excluded. FED. R. EVID. 403; *see also Mannatech, Inc. v. Glycobiotics Int'l, Inc.*, No. 3:06-CV-471-BD, 2007 WL 4794109, at *2, (N.D. Tex. Jul. 20, 2007) (striking supplemental expert report in patent case); *Global Traffic*

*Techs., LLC v. Tomar Elecs., Inc.*, No. 05-756, 2008 WL6397825, at \*\*1-2 (D. Minn. Oct. 1, 2008) (precluding expert testimony on late disclosed supposed non-infringing alternatives); *MGM Well Servs., Inc. v. Mega Lift Sys., LLC*, 505 F. Supp. 2d 359, 377 (S.D. Tex. 2007) (precluding evidence of a potential non-infringing alternative disclosed well after docket control deadlines). Plaintiffs' arguments related to Version 3 are also set forth in their pending Motion to Strike and Exclude the "Supplemental" Testimony of Vincent Thomas and Joseph Beaman and Brief in Support and their Reply in support of that Motion and are fully incorporated herein by reference.

GRANTED _____     GRANTED AS MODIFIED_____     DENIED_____

Dated: December 1, 2009                           Respectfully submitted,

   /s/ Paul V. Storm
**Paul V. Storm**
State Bar No. 19325350
**John G. Fischer**
State Bar No. 00795890
**STORM LLP**
901 Main St., Suite 7100
Dallas, TX 75201
(214) 347-4700 Telephone
(214) 347-4799 Facsimile

**Eve L. Henson**
Texas State Bar No. 00791462
**Richard A. Sayles**
Texas State Bar No. 17697500
**Mark D. Strachan**
Texas State Bar No. 19351500
**SAYLES | WERBNER, P.C.**
1201 Elm Street, Suite 4400
Dallas, TX 75270
(214) 939-8700 Telephone
(214) 939-8787 Facsimile

**COUNSEL FOR PLAINTIFFS
JOOVY LLC AND ALBERT T.
FAIRCLOUGH**

## CERTIFICATE OF CONFERENCE

I hereby certify that on this 1st day of December, 2009, I conferred with Daniel M. Lechleiter, counsel for Defendant, on the subject matter of this motion in limine and counsel has indicated that they are opposed to the relief sought. Although a resolution was not reached, the parties agree that they will continue to work towards a resolution of the issues raised herein.

/s/ Paul V. Storm
Paul V. Storm

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2009, a true and correct copy of the foregoing document has been sent to counsel of record by email in accordance with the Federal Rules of Civil Procedure and the local Rules of the Northern District of Texas.

/s/ Paul V. Storm
Paul V. Storm

R. Trevor Carter
trevor.carter@bakerd.com
Daniel M. Lechleiter
daniel.lechleiter@bakerd.com
Baker & Daniels LLP
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204

Fred Gaona, III
fgaona@spencercrain.com
Jennifer Jackson Spencer
jspencer@spencercrain.com
Spencer Crain Cubbage Healy & McNamara PLLC
1201 Elm Street, Suite 4100
Dallas, TX 75270

Eve L. Henson
Mark D. Strachan
SAYLES | WERBNER, P.C.
1201 Elm St., Ste. 4400
Dallas, TX 75270
ehenson@swtriallaw.com
mstrachan@swtriallaw.com